IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORI CRISP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-870-WKW-SMD |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Lori Crisp appeals an administrative decision of Defendant Commissioner of Social Security ("Commissioner"). *Compl.* (Doc. 1) p. 1, ¶ 1. The Commissioner's decision denied Crisp's application for a period of disability, disability insurance benefits, and supplemental security income disability benefits. *Id.* Crisp contends that the decision is not supported by substantial evidence. *Id.* at ¶ 9. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be AFFIRMED.

I. **BACKGROUND**

Plaintiff Lori Crisp was born on February 11, 1984. *Admin. Ct. Tr.* at 156.[1] Crisp did not complete high school or earn her GED. *Id.* at 177. She worked as a residential cleaner between 2012 and 2016. *Id.* On December 31, 2016, at the age of 33, Crisp

---

[1] "*Admin. Ct. Tr.*" consists of a consecutively paginated record of the administrative proceedings below; the consecutive pagination spans from ECF Doc. 12-2 to ECF Doc. 12-12. For clarity, this Opinion cites to the consecutive pagination, not the ECF pagination.

allegedly became disabled and unable to work due to back pain, depression, bipolar disorder, and mood disorder. *Id.* at 176.[2]

On July 27, 2017, Crisp applied for a period of disability, disability insurance benefits, and supplemental security income disability benefits. *Id.* at 10. Crisp's application was denied at the initial administrative level. *Id.* Crisp then requested and received a hearing before an administrative law judge ("ALJ"). *Id.* Following the hearing, the ALJ affirmed the denial of Crisp's application, and the Appeals Council denied Crisp's request for review. *Id.* at 1, 21. At that time, the ALJ's decision became the final decision of the Commissioner. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

## II.  CRISP'S MEDICAL HISTORY

The Court proceeds by summarizing Crisp's pertinent medical history. Between February 2016 and July 2017, Crisp sought treatment from her primary care doctor for a number of medical conditions. *Admin. Ct. Tr.* at 293. Crisp was diagnosed with chronic back pain, muscle spasms of her back, essential hypertension, controlled type 2 diabetes, bipolar disorder with depression, and generalized anxiety disorder, among other conditions. *Id.*

On September 26, 2017, Dr. Alphonza Vester conducted a medical examination of Crisp. *Admin. Ct. Tr.* at 427. Dr. Vester noted that Crisp has a limited range of motion and tenderness over her lumbar area. *Id.* at 430. He also noted that Crisp has a slow, careful, antalgic gait where she protects her right side and that she cannot squat or rise. *Id.*

---

[2] Since filing her application for Social Security benefits, Crisp has amended her alleged onset date to May 1, 2017. *Id.* at 10.

Dr. Vester opined that Crisp "is severely limited by her lower back disorder" and that "her morbid obesity is a mildly limiting concern." *Id.* Dr. Vester diagnosed Crisp with degenerative disc disease lumbar with probable spondylosis, morbid obesity, bipolar disorder, and obstructive sleep apnea. *Id.*

On January 30, 2018, Dr. Kimberley Owens completed a Medical Source Statement detailing Crisp's ability to perform work-related activities. *Admin. Ct. Tr.* at 17, 440–41. In her statement, Dr. Owens opined that Crisp can stand/walk for thirty minutes at a time. *Id.* at 440. She further opined that Crisp can stand/walk and sit for sixty minutes during an eight-hour workday. *Id.* Dr. Owens also noted that Crisp occasionally needs to elevate her legs during an eight-hour workday and requires a "hand-held assistive device" for ambulation. *Id.* at 441. She found in pertinent part that Crisp can occasionally stoop, but never bend or work around dangerous equipment. *Id.* at 440. She diagnosed Crip with lumbar degenerative disc disease, chronic prescription opiate use, body mass index of 52, and morbid obesity. *Id.*

### III. THE ALJ'S EVALUATION OF CRISP'S CLAIM

In the administrative proceedings below, the ALJ affirmed the denial of Crisp's application for Social Security benefits. *Admin. Ct. Tr.* at 21. The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). The Act specifies that an ALJ must evaluate "an application for a period of disability or disability insurance benefits (or both)" pursuant to a five-step process:

(1) Is the person presently unemployed?

3

>(2) Is the person's impairment severe?
>(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
>(4) Is the person unable to perform his or her former occupation?
>(5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a).[3] A claimant bears the burden of proof through step four; the Commissioner bears the burden of proof at step five. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). In this case, the ALJ concluded that Crisp is not disabled at step five. *Admin. Ct. Tr.* at 21. The Court summarizes the ALJ's findings at each step.

### A.  Step One

The ALJ began by considering Crisp's work activity. *Admin. Ct. Tr.* at 12. A claimant is not disabled as that term is used in the Social Security Act if he or she is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If an ALJ finds that a claimant is not engaged in substantial gainful activity, the ALJ proceeds to step two of the statutory framework. *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). Here, the ALJ found that Crisp has not engaged in substantial gainful activity since May 1, 2017—i.e., the date she allegedly became disabled. *Admin. Ct. Tr.* at 12–13. Accordingly, the ALJ continued to step two. *Id.* at 13.

---

[3] The same statutory framework applies to applications for supplemental security income disability benefits brought under 20 C.F.R. § 416.920(a). *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income."). For the balance of this Recommendation, all references to 20 C.F.R. § 404.1520 also refer to 20 C.F.R. § 416.920.

4

### B. Step Two

The ALJ next considered whether Crisp has a severe impairment. *Id.* A severe impairment is an impairment, or combination of impairments, that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). A claimant who lacks a severe impairment is not disabled. 20 C.F.R. § 404.1520(a)(4)(ii). An ALJ proceeds to step three upon finding that a claimant has a severe impairment. *McDaniel*, 800 F.2d at 1030. Here, the ALJ determined that Crisp's degenerative disc disease, obesity, and bipolar disorder with depression limit her ability to perform basic work activities. *Admin. Ct. Tr.* at 13. Accordingly, the ALJ found that these conditions are severe impairments. *Id.* The ALJ therefore moved to step three. *Id.* at 14.

### C. Step Three

The ALJ next determined whether one or more of Crisp's impairments meets or equals a statutorily enumerated impairment. *Id.* An ALJ must conclude that a claimant is disabled if the claimant has an impairment that "meets or equals" an impairment listed in 20 C.F.R. Part 404, Subpart. P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Otherwise, an ALJ proceeds to step four. *McDaniel*, 800 F.2d at 1030. Here, the ALJ found that Crisp's impairments do not meet or equal an impairment listed in 20 C.F.R. Part 404. *Admin. Ct. Tr.* at 14. The ALJ therefore continued to step four. *Id.* at 16.

### D. Step Four

The ALJ next considered whether Crisp is able to perform her former occupation. *Id.* at 19. To determine whether a claimant is able to perform his or her former occupation, an ALJ must first determine the claimant's "residual functional capacity" ("RFC"). *Phillips*

*v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). A claimant's RFC is defined as that which the claimant "is still able to do despite the limitations caused by his or her impairments" in light of "'all the relevant medical and other evidence' in the case." *Id.* (quoting 20 C.F.R. § 404.1520(e)). An ALJ uses a claimant's RFC to determine whether the claimant is able to perform his or her former occupation. *Id.* A claimant who is able to perform his or her "past relevant work" is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If an ALJ finds that a claimant is not able to perform his or her former occupation, the ALJ proceeds to the fifth and final step. *McDaniel*, 800 F.2d at 1030.

In this case, the ALJ began by determining Crip's RFC. *Admin. Ct. Tr.* at 16. After considering the record as a whole, the ALJ determined that Crisp has an RFC "to perform sedentary work"—as defined by 20 C.F.R. §§ 404.1567(a) and 416.967(a)[4]—except that she

> can frequently climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can balance frequently. She can occasionally stoop and crouch. She can never kneel or crawl. She can never work in unprotected heights or around hazardous moving mechanical parts. She can never operate a motor vehicle. She can frequently interact with supervisors, co-workers, and the public. She would need all normal customary workplace breaks. She is limited to simple, routine tasks and simple, work-related decisions.

*Admin. Ct. Tr.* at 16. The ALJ then used Crisp's RFC to conclude that Crisp is unable to perform her past work as a housekeeper. *Id.* at 20. Accordingly, the ALJ proceeded to step five. *Id.*

---

[4] Under 20 C.F.R. §§ 404.1567(a), 416.967(a), sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." A job is considered "sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

6

### E. Step Five

Finally, the ALJ determined whether Crisp is able to perform any other work within the national economy. *Id.* A claimant who can adjust to other work is not disabled. 20 C.F.R. § 404.1520(a)(4)(v). A claimant who cannot adjust to other work is disabled. *Id.* To determine whether a claimant can make an adjustment to other work, an ALJ assesses the claimant's RFC, age, education, and work experience. *Id.* An ALJ may rely on the Medical Vocational Guidelines or the testimony of a vocational expert in making this determination.[5]

In this case, the ALJ relied on the testimony of a vocational expert. *Admin. Ct. Tr.* at 20. The vocational expert testified that, based on Crisp's RFC, age, education, and work experience, Crisp could work as a nut sorter, spotter, or bench hand. *Id.* Accordingly, the ALJ found that Crisp "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* at 21. The ALJ concluded that Crisp is not "disabled" for purposes of the Social Security Act. *Id.* The ALJ therefore affirmed the denial of Crisp's application for a period of disability, disability insurance benefits, and supplemental security income. *Id.*

## IV. DISCUSSION

The Commissioner's decision below is supported by substantial evidence. A federal court must uphold a decision by the Commissioner if it is "supported by 'substantial evidence'" and "there exists no other 'good cause' to remand." *McDaniel*, 800 F.2d

---

[5] *Phillips*, 357 F.3d at 1239–40. A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or her capacity and impairments." *Id.* at 1240.

at 1029. Substantial evidence is more than a scintilla, but less than a preponderance; it is that which a reasonable person would accept as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). A reviewing court "must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). A court cannot decide the facts anew, make credibility determinations, or re-weigh evidence. *Moore*, 405 F.3d at 1211.

Here, Crisp alleges that the Commissioner's decision is not supported by substantial evidence. *Compl.* (Doc. 1) p. 1, ¶ 9. Crisp makes three arguments in support of her position. *Pl.'s Br.* (Doc. 10) pp. 7, 10, 13. First, Crisp contends that the ALJ improperly discredited the medical opinions of Drs. Owens and Vester in determining her RFC. *Id.* at 7. Second, Crisp alleges that the ALJ erred by discrediting Crisp's testimony regarding her pain and other symptoms. *Id.* at 10. Third, Crisp avers that the ALJ posed an insufficient hypothetical question to the vocational expert during Crisp's administrative hearing. *Id.* at 13. The Court addresses each argument in turn.

    **A.    The ALJ did not improperly discredit the medical opinions of Drs. Owens and Vester in determining her RFC.**

Crisp first asserts that the ALJ improperly discredited the medical opinions of Drs. Owens and Vester in determining her RFC. *Pl.'s Br.* (Doc. 10) pp. 7–10. Her fundamental argument is not that the ALJ applied the wrong legal standard when evaluating the medical opinions, but rather, that the ALJ failed to consider her medical condition as a whole when

8

determining her RFC. *Id.* at 10. In other words, Crisp contends that the ALJ "cherry-picked" select bits of evidence in making her RFC determination.

In January 2017, the Social Security Administration revised its rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 860 n.2 (11th Cir. 2019). A federal court applies "the regulations in effect at the time of the ALJ's decision." *Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 944 n.6 (11th Cir. 2017) (per curiam); *see also Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302 (2018) (per curiam). Here, the ALJ's decision was entered on January 16, 2019. *Admin. Ct. Tr.* at 21. Accordingly, the revised regulations were in effect at the time of the ALJ's decision. The Court therefore applies the revised regulations to Crisp's case.

Under the revised regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a). Still, an "ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). An ALJ is not required to refer to every piece of evidence in the case, so long as the ALJ's decision shows that the ALJ considered the claimant's medical condition as a whole. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curium). Nevertheless, "the ALJ may not pick and choose which evidence supports her decision while disregarding evidence to the contrary." *Rudd v. Saul*, 2019

WL 4784812 at *8 (M.D. Ala. Sept. 30, 2019) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986)).

Crisp contends that the evidence supports Dr. Owens's opinion that she could "stand for an hour, walk for thirty minutes, and sit for [an] hour in fifteen-minute increments in an eight-hour workday," and that she may need "to occasionally elevate her legs during an eight-hour workday and required a hand-held device for ambulation." *Pl.'s Br.* (Doc. 10) pp. 8–9. Additionally, she argues that Dr. Vester's opinion bolsters Dr. Owens's testimony. *Id.* at 9. Accordingly, Crisp avers that the ALJ erred by failing to incorporate these additional limitations into her RFC. *Id.* at 8–10.

Here, the ALJ found Dr. Owens's opinion "somewhat persuasive," but also inconsistent with other medical records showing that she has a normal gait. *Admin. Ct. Tr.* at 18. The ALJ also noted that, although Dr. Owens's form opinion stated that Crisp needs to elevate her legs occasionally and requires the use of a cane, Dr. Owens had never made that recommendation before, and medical records from the same day showed that Crisp has a normal gait. *Id.* Additionally, the ALJ found Dr. Owens's opinion "inconsistent with later treatment records showing [Crisp] was feeling well, and that her back condition was stable and required no medication change." *Id.* Regarding Dr. Vester's opinion, the ALJ found it "somewhat inconsistent with other medical records showing more mild limitations." *Id.* at 17–18. The ALJ nevertheless gave Crisp the benefit of the doubt and "limited her to a less than sedentary level of exertion." *Id.* at 18.

The record shows that the ALJ considered Crisp's medical condition as a whole in determining her RFC. The ALJ weighed medical evidence both supporting and

10

undermining Drs. Owens's and Vester's medical opinions. *Id.* at 17–18. The ALJ found some of those opinions persuasive and gave them appropriate weight in determining Crisp's RFC. *Id.* Crisp has failed to show error in the ALJ's methods or reasoning.[6] Accordingly, the ALJ did not improperly discredit the medical opinions of Drs. Owens and Vester in determining her RFC.

### B. The ALJ properly evaluated the credibility of Crisp's testimony regarding the subjective effects of her symptoms.

Crisp next asserts that the ALJ erred by discrediting her testimony of pain and other symptoms. *Pl.'s Br.* (Doc. 10) p. 10. Credibility determinations are the province of an ALJ. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2004). In *Holt v. Sullivan*, the Eleventh Circuit created a two-part test for determining whether a claimant can establish a disability through his or her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam). Under the *Holt* test, a claimant must first present "evidence of an underlying medical condition." Second, a claimant must show either objective medical evidence confirming the severity of the pain arising from the alleged condition or that the condition could "be reasonably expected to give rise to the alleged pain." *Id.*

---

[6] Moreover, Crisp merely asserts that the evidence supports Dr. Owens's and Vester's additional limitations on her ability to work. *Pl.'s Br.* (Doc. 10) pp. 8–9. Her argument is conclusory. She must demonstrate *how* the evidence of her symptoms, treatments, and diagnoses affects her ability to work. *See McCruter*, 791 F.2d at 1547 ("[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of a deviation from purely medical standards of bodily perfection or normality."); *see also Moore*, 405 F.3d at 1213 n.6 ("Moore questions the ALJ's RFC determination based solely on the fact that she has varus leg instability and shoulder separation. However, the mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard."). Here, Crisp has made no such showing.

11

If a claimant satisfies the *Holt* test, the ALJ must then determine the extent to which the claimant's symptoms limit his or her capacity for work. 20 C.F.R. §§ 404.1529(c)–(d); *see also Foote*, 67 F.3d at 1561. An ALJ considers "the intensity, persistence, and limiting effects" of the claimant's pain in making this determination. 20 C.F.R. § 404.1529(c). An ALJ may also consider the claimant's daily activities, treatment history, and medication along with the effectiveness of such medication. C.F.R. § 404.1529(c)(2).

Here, the ALJ found that Crisp satisfied the *Holt* test. *Admin. Ct. Tr.* at 16–17. The ALJ reasoned that Crisp's medically determinable impairments could reasonably be expected to cause her symptoms. *Id.* In determining the effect of Crisp's symptoms on her capacity for work, however, the ALJ concluded that Crisp's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." *Id.*

Crisp argues that the ALJ erred in reaching the latter finding. *Pl.'s Br.* (Doc. 10) pp. 12–13. Specifically, Crisp contends that the ALJ erred by discrediting her testimony regarding her gastrointestinal symptoms, back pain, psychological symptoms, and by improperly considering her daily activities. *Id.* The Court briefly addresses each of Crip's four arguments in turn.

### 1. *Gastrointestinal Symptoms*

First, Crisp asserts that the ALJ erred in discounting her gastrointestinal symptoms by "citing to a few records in which she denied gastrointestinal problems." *Id.* at 12. Although the record contains numerous complaints by Crisp of diarrhea, nausea, abdominal pain, and gastrointestinal distress, the record also demonstrates that these complaints were

12

sporadic. *Admin. Ct. Tr.* at 13. The ALJ accurately contrasted Crisp's complaints with the evidence that she denied gastrointestinal problems at her doctor visits. *Id.* Accordingly, substantial evidence supports the ALJ's conclusion that "this condition would have no more than a minimal effect on the claimant's ability to perform basic work activities." *Id.* at 13.

### 2. *Back Pain*

Second, Crisp argues that the ALJ erred in discrediting her complaints of back pain. *Pl.'s Br.* (Doc. 10) p. 12. She maintains that the record supports her complaints. *Id.* Crisp told her doctor that her medication was increasing her function and that she was able to perform common daily activities. *Admin. Ct. Tr.* at 17. She further reported that her "gait was consistently normal and she did not walk with a cane." *Id.* Crisp's most recent treatment record corroborates her statements. *Id.* The record reveals that, as of November 2018, she was feeling well and needed no changes in medication. *Id.* The ALJ clearly articulated his reasoning for discrediting Crisp's subjective testimony regarding her back pain, and thus, the ALJ's finding is supported by substantial evidence.

### 3. *Psychological Symptoms*

Third, Crisp argues that the ALJ failed to consider her poor control of her psychological symptoms, her worsening mood swings, and the negative side effects of her medication. *Pl.'s Br.* (Doc. 10) p. 13. Crisp did not testify about her mental impairments during the administrative hearing before the ALJ. *Admin. Ct. Tr.* at 18. Furthermore, the record reveals that her ability to manage her psychological symptoms is improving and her

medication is working. *Id.* The record also indicates that Crisp is able to perform basic work functions. *Id.* Accordingly, substantial evidence supports the ALJ's determination.

### 4. *Daily Activities*

Fourth, Crisp argues that the ALJ erred in considering her participation in daily activities. *Pl.'s Br.* (Doc. 10) p. 13. Crisp mischaracterizes the ALJ's use and evaluation of her daily activities. There is no evidence that the ALJ relied solely on Crisp's daily living activities in finding she is not disabled. Rather, the ALJ's decision reveals that the evaluation of Crip's daily activities was only one of many pieces of evidence weighed in reaching the determination. For example, the ALJ also considered objective medical evidence. Accordingly, the ALJ properly followed the procedure outlined in C.F.R. § 404.1529(c)(2). The ALJ's determination is therefore supported by substantial evidence.

## C. The ALJ did not pose an insufficient hypothetical question to the vocational expert.

Finally, Crisp argues that the ALJ posed an insufficient hypothetical question to the vocational expert during Crisp's administrative hearing. *Pl.'s Br.* (Doc. 10) pp. 13–14. Crisp reasons that the ALJ's question was insufficient because the ALJ improperly discredited the medical opinions of Drs. Owens and Vester in determining her RFC. *Id.*[7]

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must post a hypothetical question which comprises of all of the claimant's impairments." *Winschel*, 631 F.3d at 1180 (quoting *Wilson v. Barnhart*, 284 F.3d 1219,

---

[7] Crisp admits this argument is based on her argument that the ALJ improperly discredited the medical opinions of Drs. Owens and Vester in determining her RFC. *Id.* at 14.

1227 (11th Cir. 2002) (per curiam)). The question must "include or otherwise implicitly account for" all of a claimant's impairments. *Id.* at 1181. However, "[a]n ALJ is not required to include findings in a hypothetical question that the ALJ properly rejected as unsupported." *Beegle v. Soc. Sec. Admin., Com'r*, 482 F. App'x 483, 487 (11th Cir. 2012) (per curiam); *see also Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016). Here, the ALJ's RFC determination is supported by substantial evidence. *See supra* Section IV.A. The ALJ's hypothetical question included every limitation found in Crisp's RFC. Consequently, the ALJ did not pose an insufficient hypothetical question to the vocational expert.

V. **CONCLUSION**

Plaintiff Lori Crisp has failed to show that the Commissioner's decision is not supported by substantial evidence. First, the ALJ did not improperly discredit the medical opinions of Drs. Owens and Vester in determining her RFC. Second, the ALJ did not improperly discredit Crisp's testimony regarding her subjective pain and other symptoms. Third, the ALJ gave a complete hypothetical to the vocational expert. The undersigned Magistrate Judge therefore RECOMMENDS that the Commissioner's decision be AFFIRMED.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **March 5, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance

with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of February, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE